UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | | |
|---|---|---|
| In re AMERICAN REALTY CAPITAL | : | Case No. 1:15-mc-00040-AKH |
| <u>PROPERTIES, INC. LITIGATION</u> | : | |
| This Document Relates To: | : | |
| ALL ACTIONS | : | |

---------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER
## SUPPORT OF DEFENDANT ABBY M. WENZEL'S MOTION
## <u>TO DISMISS THE AMENDED CLASS ACTION COMPLAINT</u>

Plaintiffs' Opposition ("Opp.") does nothing to save Plaintiffs' claims against Abby Wenzel. As an initial matter, Plaintiffs *concede* that they have not met the threshold standing requirement for Section 14(a) claims. Plaintiffs argue that they should be allowed to proceed on the promise they have another plaintiff lined up in the wings, but there is absolutely no support for the sufficiency of such a promise.

Plaintiffs also misstate the law in responding to the substantive deficiencies in their pleadings against Ms. Wenzel. First, Plaintiffs ignore the controlling Supreme Court precedent on pleading misstatements of opinion under Section 14(a). Second, Plaintiffs argue that negligence under Section 14(a) is adequately pled by merely making an undifferentiated allegation that Ms. Wenzel, an outside board director, had access to unspecified information that, for some unspecified reason, should have made her aware of ARCP's alleged financial irregularities—but such pleadings are insufficient. Finally, Plaintiffs argue that the ARCT IV board of directors had a duty to self-flagellate and disclose that its due diligence was (allegedly) inadequate. But that is just not the law.

Plaintiffs have the law wrong. As set forth below, Plaintiffs do not have standing to bring their Section 14(a) claim against Ms. Wenzel. They have also not adequately pled a violation of

Section 14(a). For each of these reasons, the Amended Complaint should be dismissed as against Ms. Wenzel with prejudice.

I.  **Plaintiffs Concede That They Fail to Meet the Statutory Standing Requirements for a Section 14(a) Claim**

Plaintiffs acknowledge that none of the named plaintiffs owned ARCT IV stock and none were therefore eligible to vote at the time of the Proxy. (Opp. at 100.) This concession is fatal to Plaintiffs' Section 14(a) claim with respect to the ARCT IV proxy. *See, e.g.*, *Gerstle v. Gamble-Skogmo, Inc.*, 478 F. 2d 1281, 1298 n. 16 (2d Cir. 1973); *In re AOL Time Warner, Inc. Secs. & ERISA Litig.*, 381 F. Supp. 2d 192, 241 (S.D.N.Y. 2004).

Plaintiffs argue that the Second Circuit's decision in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012), gives them standing to bring a Section 14(a) claim against Wenzel. But that is not the case. *NECA-IBEW*—a Sections 11 and 12(a) case—addressed the narrow question of whether a certificate holder in one tranche of a mortgage-backed security has standing to bring class claims that cover other tranches of the same mortgage-backed security, where the alleged misrepresentations were derived from the same shelf registration. *NECA-IBEW* at 157-58. In holding that the plaintiffs in *NECA-IBEW* had standing to bring class claims on behalf of purchasers of some—but not all—of the other tranches, the court focused on whether the *same* defendant engaged in conduct that implicates the same set of concerns for distinct sets of plaintiffs. *Id.* at 162.

Critically, the court emphasized that "[t]o establish Article III standing in a class action ... for every named defendant *there must be at least one named plaintiff who can assert a claim directly against that defendant*." *Id.* at 159 (quoting *Cent. States S.E. & S.W. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.,* 504 F.3d 229, 241 (2d Cir. 2007) (emphasis added)). In *NECA-IBEW*, the same defendant was alleged to have issued, underwritten and sponsored the mortgage-backed certificates, and was alleged to have made the

2

misrepresentations at issue. *Id.* at 162. Here, by contrast, it is undisputed that there is not a single named plaintiff who can assert a claim against Ms. Wenzel, and Ms. Wenzel is not alleged to have made any misrepresentations that affect any of the plaintiffs. Indeed, the alleged omissions Plaintiffs try to link to Ms. Wenzel concern *only* the appropriateness of the ARCP merger with ARCT IV; therefore, no other named plaintiff in this action could possibly assert "some actual injury as a result of" Ms. Wenzel's alleged conduct. *Id.*

Nor can Plaintiffs fix this lack of standing by simply promising to add an unnamed plaintiff in the future who did own ARCT IV stock at the time of the proxy. In deciding a motion to dismiss, the court examines the plausibility of the complaint—*as filed*—not a different complaint the plaintiff promises to file sometime down the road. *See Ace Arts, LLC v. Sony/ATV Music Pub., LLC*, 56 F. Supp. 3d 436, 451 (S.D.N.Y. 2014) ("[I]t is axiomatic that the Complaint cannot be amended by briefs in opposition to a motion to dismiss."); *O'Brien v. Nat'l Property Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) (same); *see also Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, 2013 WL 866867, at *4 (S.D.N.Y. Mar. 8, 2013) ("[P]laintiff may not supplement a deficient pleading through additional facts contained in affidavits."). Plaintiffs lack standing to bring a Section 14(a) claim specific to the ARCT IV Proxy, and the Amended Complaint must be dismissed as against Ms. Wenzel.[1]

## II.     Plaintiffs Fail to Point to Any Allegations of Actionable Conduct by Ms. Wenzel

In addition to failing to cure their standing deficiencies, Plaintiffs' Opposition fails to cure the Amended Complaint's defective substantive pleading.

As an initial matter, Plaintiffs fail to address Ms. Wenzel's arguments that the Amended Complaint does not meet the standard set forth by the Supreme Court in *Virginia Bankshares v.*

---

[1] Plaintiffs erroneously cite to *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82 (2d Cir. 2004) for the proposition that the amendment to include an additional named plaintiff may be done at the class certification stage. *Hevesi* concerned whether *additional* named plaintiffs with standing could be added at the class certification stage to assist with plaintiffs' claims, not whether plaintiffs could proceed until that stage without a named plaintiff that had standing for each claim.

3

*Sandberg*, 501 U.S. 1083 (1991), for pleading Section 14(a) misstatements of opinion. Indeed, in their 141-page Opposition Brief, Plaintiffs do not even once mention *Virginia Bankshares*, which requires that a plaintiff demonstrate that the defendant had actual knowledge of the falsity of a statement of opinion in a proxy statement. Instead, in a footnote, Plaintiffs baldly oppose Ms. Wenzel's argument that Plaintiffs are required to plead actual knowledge of statements of opinion, claiming that this "misstates the elements of a Section 14(a) claim." (Opp. at 107 n. 95.) Plaintiffs are wrong. The *Virginia Bankshares* standard has been adopted by every court in this Circuit considering statements of opinion under Section 14(a). *See, e.g.*, *In re Time Warner Inc. Secs. Litig.*, 9 F.3d 259, 266 (2d Cir. 1993) (noting subjective falsity requirement for Section 14(a) claims); *Silberstein v. Aetna, Inc.*, 2015 WL 1424058, at *13 (S.D.N.Y. Marc. 26, 2015); *Bricklayers and Masons Local Union No. 5 v. Transocean Ltd.*, 866 F. Supp. 2d 223, 244 (S.D.N.Y. 2012); *In re Bank of Am. Corp. Secs., Deriv. & ERISA Litig.*, 757 F. Supp. 2d 260, 319 (S.D.N.Y. 2010); *Fisher v. Kanas*, 467 F. Supp. 2d 275, 282 (E.D.N.Y. 2006); *In re AOL*, 381 F. Supp. 2d at 243; *Bond Opportunity Fund v. Unilab Corp.*, 2003 WL 21058251, at *5 (S.D.N.Y. May 9, 2003); *Kahn v. Wien*, 842 F. Supp. 667, 677 (E.D.N.Y. 1994); *Lewis v. Cutting*, 1993 WL 158531, at *11 (S.D.N.Y May 12, 1993).[2] Plaintiffs' failure to address *Virginia Bankshares* is telling, and their insistence that knowledge of falsity need not be alleged essentially concedes that Plaintiffs' claims regarding the statements of opinion allegedly made by Ms. Wenzel are deficiently pleaded.

Even with respect to alleged misstatements of fact, Plaintiffs are unable to salvage their Section 14(a) claim against Ms. Wenzel. Plaintiffs devote nearly two pages to contesting the degree to which negligence needs to be pleaded.[3] (Opp. at 109-110.) But at this stage that

---

[2] The Second Circuit's opinion in *Minzer v. Keegan*, 218 F.3d 144, 151 (2nd Cir. 2000) found that a fairness opinion in a proxy statement did not meet the threshold requirement of actual falsity; as such, there was no need to consider the *Virginia Bankshares* additional requirement of subjective knowledge of falsity.

[3] Plaintiffs' contention that only an unpublished case from 2003 supports Ms. Wenzel's position that the PSLRA does demand heightened pleading of "strong inference" of negligence in a Section 14(a) claim is wrong.

4

debate is purely academic because even under the least exacting pleading standard, Plaintiffs have failed to allege Ms. Wenzel's negligence. Plaintiffs' supposed factual support for Ms. Wenzel's alleged negligence is buried in one sentence in a footnote in the 141-page Opposition Brief where Plaintiffs allege, conclusorily, that "Wenzel was privy to confidential and proprietary information regarding the proposed ARCT IV Merger, including proprietary information about ARCP." (Opp. at 107 n. 95 (the same allegations are made in undifferentiated form with respect to every defendant sued under Section 14(a) in connection with the ARCT IV Proxy at p. 107).)

But as Ms. Wenzel demonstrated in her opening brief, the allegation that she received unidentified "confidential and proprietary information"—without any further factual elaboration—simply cannot sustain a Section 14(a) negligence claim. (*See* Opening Mem. at 11-15.) In fact, the very case on which Plaintiffs rely for the standard for pleading Section 14(a) negligence, *Bricklayers & Masons Local Union No. 5 Ohio Pension Fund v. Transocean Ltd.*, 866 F. Supp. 2d 223, 246 (S.D.N.Y. 2012), highlights the deficiency in Plaintiffs' allegations. In *Bricklayers*, the plaintiffs specifically identified the "numerous reports and complaints" received by the individual defendants detailing the facts that were alleged to be omitted from the proxy. 866 F. Supp. 2d at 246. Plaintiffs here make no such allegations. Plaintiffs do not allege *what* information Ms. Wenzel received or *why* it should have alerted her to alleged misstatements in ARCP's financial statements. Because Plaintiffs are unable to point to any plausible, well-pleaded factual allegations that Ms. Wenzel did not exercise due care in signing the Proxy, Plaintiffs fail to plead a claim under Section 14(a).

---

*See, e.g.*, *In re Bank of Am. Corp. Secs., Deriv., & ERISA Litig.*, 757 F. Supp. 2d 260, 326 (S.D.N.Y. 2010) (applying "strong inference" of negligence standard for Section 14(a) claim; *see also Little Gem Life Sciences, LLC v. Orphan Med., Inc.*, 537 F.3d 913, 917 (8th Cir. 2008); *Knollenberg v. Harmonic, Inc.*, 152 Fed. App'x 674, 682-83 (9th Cir. 2005).

Finally, Plaintiffs argue that Ms. Wenzel was negligent in not disclosing the ARCT IV board of directors' "insufficient due diligence" in agreeing to the Merger. But in making this desperate argument, Plaintiffs once again misrepresent the law. The adequacy of due diligence is not, by itself, grounds for a Section 14(a) claim. While Plaintiffs seek to undermine the applicability of the court's ruling in *In re Bank of Am.*, 757 F. Supp. 2d at 312, that court unequivocally stated that "[m]erely alleging that due diligence was flawed … does not state a claim under Section 14(a) or Rule 14a-9, which require a misleading proxy statement." *Id.* Indeed, this Court would *first* need to make a determination that the due diligence performed by the ARCT IV board was in fact inadequate before Plaintiffs could adequately allege a Section 14(a) misrepresentation claim. *See, e.g.*, *Brown v. Brewer*, 2010 WL 2472182, at *24 (C.D. Cal. Jun. 17, 2010) (dismissing Section 14(a) claim because "self flagellation omissions are not material.").

Plaintiffs' case law to the contrary is inapt. Plaintiffs cite to *Wilson v. Great Am. Indus., Inc.*, 855 F.2d 987 (2d Cir. 1988), for the proposition that "the Second Circuit has held that omissions that would reveal information concerning the business practices of those in charge of a company were material and actionable under Section 14(a)"; and Plaintiffs quote the following language from *Wilson*: "exposure of the methods used by those in control of the company's affairs would have caused a minority shareholder to examine the entire [proxy] statement more carefully." (Opp. at 106 (quoting *Wilson* at 992).) But what *Wilson* was really about was the defendants' failure to disclose that Judge Duffy had just decided a major case directly against the acquiring company, describing management's "fraudulent acts." And the full quote that Plaintiffs truncated is "*Judge Duffy's* exposure of the methods used by those in control of the company's affairs would have caused a minority shareholder to examine the entire [proxy] statement more carefully." *Wilson* at 992 (emphasis added). In other words, the sin in *Wilson*

was the defendants' failure to disclose the Judge Duffy opinion, not the failure to engage in self-flagellation.  Certainly, the court in *Wilson* did not consider whether a proxy statement needed to flesh out in detail all steps taken by the board of directors in deciding to approve a merger.

Plaintiffs also distort the court's holding in *Koppel v. 4987 Corp.*, 167 F. 3d 125 (2d Cir. 1999).  In *Koppel*, the court considered whether a proxy statement that purported to rely on an outside consultant's report, and that disclosed the methodology behind the consultant's report, was actionable under Section 14(a).  The court held that, because the proxy set forth the methodology behind the consultant's report, the "most natural reading" was that it accounted for all material facts. *Id.* at 132-33.  But that is not at all what Plaintiffs allege here.  Instead, Plaintiffs allege that the Proxy did not disclose that the ARCT IV board had done "inadequa[te] due diligence."  As such, Plaintiff's reliance on *Koppel* is unavailing.

Ultimately, all of Plaintiffs' Section 14(a) claims against Ms. Wenzel are grounded in misapplication of the law.  As such, Plaintiffs should not be given a third bite at the apple, and their claims against Ms. Wenzel should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth herein, and in Ms. Wenzel's opening memorandum of law, the Amended Class Action Complaint fails to state a claim against Defendant Abby M. Wenzel.  As such, the Amended Class Action Complaint should be dismissed as against Ms. Wenzel in its entirety, with prejudice.

Dated: New York, New York
      August 12, 2015               COZEN O'CONNOR

                              By:   /s/ Michael de Leeuw
                                     Michael de Leeuw
                                     Tamar S. Wise

45 Broadway
New York, NY 10006
212.509.9400
*Attorneys for Defendant Abby M. Wenzel*